## UNITED STATES DISTRICT COURT
## NORTHERN  DISTRICT OF NEW YORK

**********************************

**UNITED STATES OF AMERICA**

v.

**LONGLEY-JONES MANAGEMENT
  CORPORATION**

**Defendant.**

**********************************

**Criminal No.: 06-CR-190 (FJS)**

**Violation:    18 U.S.C. § 371,
42 U.S.C. § 7413(c)
Conspiracy to Violate the Clean
Air Act  and to Commit Mail
Fraud, Substantive Clean Air
Act Violations**

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The  United  States  of  America  and  **LONGLEY-JONES  MANAGEMENT
CORPORATION ("LONGLEY-JONES"),** a corporation organized and existing under the
laws of the State of New York, hereby enter into the following Plea Agreement pursuant to
Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

1.    **RIGHTS OF LONGLEY-JONES**.  LONGLEY-JONES understands  its
rights:

    (a)    to be represented by an attorney;

    (b)    to be charged by Indictment;

    (c)    to plead not guilty to any criminal charge brought against it;

    (d)    to have a trial by jury, throughout which it would be presumed to be not

1

guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(e)     to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)     to appeal its conviction if it is found guilty at trial; and

(g)     to appeal the imposition of sentence against it.

2.     **AGREEMENT TO PLEAD GUILTY AND WAIVE RIGHTS.** LONGLEY-JONES waives the rights set out in Paragraph 1(b)-(f) above.  LONGLEY-JONES also waives its right to appeal the imposition of sentence against it, so long as the sentence imposed is consistent with the recommendation in Paragraph 9 of this Plea Agreement.  Pursuant to Fed. R. Crim. P. 7(b), LONGLEY-JONES will waive indictment and plead guilty at arraignment to an eight count Information to be filed in the United States District Court for the Northern District of New York.   The Information will charge LONGLEY-JONES with participating in a conspiracy to violate the Clean Air Act, and to commit mail fraud related to asbestos activities from 1990 through the present, in violation of 18 U.S.C. § 371, and with committing substantive Clean Air Act violations.

3.     Pursuant to the terms of this Plea Agreement, LONGLEY-JONES will plead guilty to the criminal charges described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5 below.

4.     **ELEMENTS OF THE OFFENSE**. LONGLEY-JONES, through its authorized representative, acknowledges that it is aware of the elements of the offenses to which it is entering a guilty plea. Specifically, if this case were to proceed to trial, the United States would have the burden of proving beyond a reasonable doubt each of the elements of a Clean

2

Air Act and mail fraud conspiracy, and substantive Clean Air Act violations. The legal elements of the conspiracy offense of 18 U.S.C. § 371, are as follows:

      a.     1) The existence of an agreement, 2) between two or more persons, 3) to do something the law forbids, in this case, to violate the Clean Air Act and to commit mail fraud, 4) and the commission of an overt act in furtherance of the conspiracy.

      b.     As to the substantive Clean Air Act count, the legal elements of 42 U.S.C. § 7413(c) are as follows:  1) LONGELY-JONES was an owner or an operator of a demolition or renovation activity involving at least 160 square feet of regulated asbestos-containing material (hereafter "RACM" or "asbestos") or  260 linear feet of RACM; 2) LONGELY-JONES, (via its supervisory employees) knew the demolition or renovation activity involved asbestos and  3) LONGELY-JONES (via its supervisory employees) knowingly stripped, bagged, removed and disposed of RACM in a manner that did not comply with work practice standards promulgated under the Clean Air Act.

     5.    **FACTUAL BASIS FOR OFFENSE CHARGED**. LONGLEY-JONES admits the following facts which establish its guilt beyond a reasonable doubt for the offense stated in the Information:

     (a)    LONGLEY-JONES is in the business of managing commercial and residential real estate, including numerous apartment buildings throughout central and upstate New York State. Many of the buildings under the control of LONGLEY-JONES contain pipes, boilers and other facility components insulated with regulated asbestos containing material (hereafter "asbestos"). At all times relevant to this plea agreement and the Information related thereto, LONGLEY-JONES acts through its owners, property managers, supervisors, employees and agents.

     (b) During the course of the conspiracy, LONGLEY-JONES supervisory employees removed, or caused the removal by subordinates, of asbestos numerous times and at many

locations, including those set forth below, without adhering to the laws governing the safe and proper stripping, removal, containment, transportation and disposal of such asbestos. Such illegal activities occurred at the following facilities owned or controlled by LONGLEY-JONES:

| | **PROPERTY NAME** | **LOCATION** |
|---|---|---|
| 1. | Jeditha Apartments, | 1000 Bellevue Ave, Syracuse, NY |
| 2. | Leonard A Apartments, | 828 South West Street, Syracuse, NY |
| 3. | Leonard B Apartments, | 400 West Onondaga Street, Syracuse, NY |
| 4. | Leonard C Apartments, | 410 West Onondaga Street, Syracuse, NY |
| 5. | New Kasson Apartments, | 622 James Street, Syracuse, NY |
| 6. | Roosevelt Arms, | 1445 South Salina Street, Syracuse, NY |
| 7. | Huntley Apartments, | 407 Stolp Ave., Syracuse, NY |
| 8. | Hillside Apartments, | 1530 E. Genesee Street, Syracuse, NY |
| 9. | Leavenworth Apartments, | 615 James Street, Syracuse, NY |
| 10. | Woodbine Apartments, | 100-104 Woodbine Ave., Syracuse, NY |
| 11. | Roxy Apartments, | 723 West Onondaga Street, Syracuse, NY |
| 12. | Belmore Apartments, | 100 Wood Ave., Syracuse, NY |
| 13. | Wolverine Apartments, | 205 Townsend Ave., Syracuse, NY |
| 14. | 1202 South Avenue, | 1202 South Ave., Syracuse, NY |
| 15. | Ambassador Apartments, | 901 Madison Avenue, Syracuse, NY |
| | Springfield Gardens, | Dewitt, NY, including: |
| 16. | | 401 Springfield Road |
| 17. | | 403 Springfield Road |
| 18. | | 405 Springfield Road |
| 19. | | 407 Springfield Road |

4

| | |
|---|---|
| 20. | 409 Springfield Road |
| 21. | 411 Springfield Road |
| 22. | 415 Springfield Road |
| 23. | 417 Springfield Road |
| 24. | 419 Springfield Road |
| 25. | 423 Springfield Road |
| 26. | 425 Springfield Road |
| 27. | 1 Caton Drive |
| 28. | 2 Caton Drive |
| 29. | 3 Caton Drive |
| 30. | 4 Caton Drive |
| 31. | 5 Caton Drive |
| 32. | 6 Caton Drive |
| 33. | 7 Caton Drive |
| 34. | 8 Caton Drive |
| 35. | 9 Caton Drive |
| 36. | 10 Caton Drive |
| 37. | 11 Caton Drive |
| 38. | 12 Caton Drive |
| 39. | 13 Caton Drive |
| 40. | 14 Caton Drive |
| 41. | 15 Caton Drive |
| 42. | 16 Caton Drive |
| 43. | 17 Caton Drive |
| 44. | 18 Caton Drive |
| 45. | 19 Caton Drive |

46.                             20 Caton Drive

47.                             21 Caton Drive

48.                             22 Caton Drive

49.                             24 Caton Drive

50.                             26 Caton Drive

51.                             28 Caton Drive

52.                             30 Caton Drive

53.                             32 Caton Drive

54.                             34 Caton Drive

55.                             36 Caton Drive

56.                             38 Caton Drive

57.                             40 Caton Drive

58.                             42 Caton Drive

59.                             44 Caton Drive

60.                             46 Caton Drive

61.                             48 Caton Drive

62.                             50 Caton Drive

63.                             52 Caton Drive

64.                             54 Caton Drive

65.                             56 Caton Drive

66.                             58 Caton Drive

67.                             60 Caton Drive

68.                             62 Caton Drive

69.                             64 Caton Drive

70.                             66 Caton Drive

71.                             68 Caton Drive

| | | |
|---|---|---|
| 72. | | 70 Caton Drive |
| 73. | | 72 Caton Drive |
| 74. | | 74 Caton Drive |
| 75. | | 76 Caton Drive |
| 76. | New Seymour Apartments, | Seymour Street, Syracuse, NY. |
| | Vincent Apartments, | Syracuse, NY, including: |
| 77. | | 102 Roney Lane |
| 78. | | 104 Roney Lane |
| 79. | | 105 Roney Lane |
| 80. | | 106 Roney Lane |
| 81. | | 107 Roney Lane |
| 82. | | 108 Roney Lane |
| 83. | | 109 Roney Lane |
| 84. | | 110 Roney Lane |
| 85. | | 111 Roney Lane |
| 86. | | 101 Smith Lane |
| 87. | | 102 Smith Lane |
| 88. | | 103 Smith Lane |
| 89. | | 104 Smith Lane |
| 90. | | 105 Smith Lane |
| 91. | | 106 Smith Lane |
| 92. | | 107 Smith Lane |
| 93. | | 109 Smith Lane |
| 94. | | 110 Smith Lane |
| 95. | | 111 Smith Lane |
| | Frontenac Apartments, | Genesee St., Syracuse, NY, including: |
| 96. | | 1802 Genesee St. |

7

97.                                  1804 Genesee St.

98.    Skyline Apartments           753 James St, Syracuse, NY


(c)    Throughout the course of the conspiracy and on multiple projects, high level LONGLEY-JONES supervisory employees knowingly did not file notifications to conduct asbestos renovation or demolition projects with the United States Environmental Protection Agency (EPA) and New York State Department of Labor, Asbestos Control Bureau, where such notifications were required by law. Knowing that they were working with regulated asbestos-containing material, LONGLEY-JONES supervisory employees knowingly caused asbestos to be stripped dry, bagged dry, performed stripping and removal of asbestos with no containment, performed such dry stripping and removal without required air monitoring and without wearing or causing others to wear respirators, left significant quantities of dry asbestos behind on various floors for up to years in areas in which numerous utility, plumbing and maintenance people were required to work and tenants resided, posted no warning signs to advise tenants and others of the presence of disturbed asbestos throughout various areas, illegally abandoned asbestos within buildings, disposed of asbestos in dumpsters intended for residential trash, caused no asbestos waste manifests to be prepared, and caused asbestos to be improperly containerized and transported, caused no asbestos waste manifests to be prepared, and caused asbestos to be deposited at landfills that were not authorized by law to accept such waste.

(d)    As part of the scheme to defraud and to obtain money or property, LONGLEY-JONES supervisory employees caused the use of the United States mail for the sending and receiving of false and fraudulent documents. As part of the scheme, LONGLEY-JONES supervisory employees entered into contracts with trash disposal companies in which they agreed not to deposit any hazardous or toxic waste material into dumpsters provided by the waste disposal company. LONGLEY-JONES supervisory employees thereafter, over the course of many years, routinely violated these contracts by depositing, or causing

subordinates to deposit, improperly contained and dry regulated asbestos-containing material into such dumpsters, causing such toxic/hazardous substances to thereafter be disposed of illegally in landfills that were not appropriate for, and not authorized by law, to accept such waste. LONGLEY-JONES supervisory employees and subordinates did not alert the trash disposal companies or the employees of such companies -- who did not know that they were involved with a hazardous/toxic substance -- that LONGLEY-JONES supervisory employees were placing, or causing to be placed, asbestos in these dumpsters for disposal.

(c)     The above described violations occurred despite prior citations from the New York State Department of Labor, Asbestos Control Unit, and the United States Occupational and Health Administration (OSHA) in 1990, 1995, and 1997 for improper asbestos activities.

6.     **POSSIBLE MAXIMUM SENTENCE**. LONGLEY-JONES understands that the maximum penalty which may be imposed against it upon conviction for a conspiracy to violate the Clean Air Act, Clean Water Act, and to commit mail fraud, and substantive Clean Air Act violations are fines of:

(a)     $ 500,000 (18 U.S.C. § 3571(c)) per count; or

(b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.     In addition, LONGLEY-JONES understands that:

(a)     pursuant to 18 U.S.C. § 3663A, the Court shall order it to pay restitution to any victims of the offense;

(b)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order LONGLEY-JONES to pay a special assessment of $3,200 upon conviction for the charged crimes; and

(c)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of

probation of at least one year, but not more than five years.

8.　**SENTENCING GUIDELINES**. Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight which provides guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to U.S.S.G. §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines are not applicable for purposes of determining a corporate fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

9.　**FIXED SENTENCING AGREEMENT**. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), subject to the District Court's acceptance, the United States and LONGLEY-JONES agree that the appropriate disposition of this case shall be that LONGLEY-JONES pays to the United States a criminal fine of Four Million Dollars. Three Million Dollars of this fine shall be suspended on the condition that it is used to clean up asbestos at various LONGLEY-JONES controlled or owned facilities including money already expended in cleaning up asbestos at its facilities after the company began cooperating with the United States Environmental Protection Agency and New York State Department of Environmental Conservation criminal investigation. The suspended portion of the fine shall also be used to implement an Environmental Compliance Plan, discussed below. Notwithstanding the above, no portion of the suspended fine shall be used for past or future compliance, nor to implement the ECP, or to perform cleanup related to any of the Springfield Gardens facilities. That cost must be incurred in addition to the three million dollar suspended fine. The remaining One Million Dollar fine shall be made payable to the United States District Court Clerk in six (6) consecutive equal monthly installments due on the 5th day of each

month, with the first of the payments due at the time of imposition of sentence.

(a)      LONGLEY-JONES understands that the Court will order it to pay a $3,200 special assessment per count, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b)      LONGLEY-JONES will be placed on a term of probation for two years.

(c)      Environmental Compliance Plan.  As a condition of probation, LONGLEY-JONES will develop, fund and implement a comprehensive Environmental Compliance Plan ("ECP") to prevent future violations, consistent with sentencing policies set forth in U.S.S.G. § 8D1.4(c). A failure to fully fund and to fully implement the ECP will constitute a violation of probation and will constitute a material breach of this plea agreement. The Plan may be funded and implemented out of that portion of the fine which was suspended, except that LONGLEY-JONES shall pay whatever costs are necessary to develop, fund and implement the plan whether or not it exceeds the amount of the suspended fine, and no portion of the plan or its implementation that relates to Springfield Gardens may be paid out of the suspended fine.  The ECP must be developed and submitted to the United States and the Probation Office for approval within one month of the entry of the plea. LONGLEY-JONES shall revise and implement the ECP as deemed necessary by the United States or the Probation Office.

(d)      Sentencing. The  parties agree that pursuant to Fed. R. Crim. P. 32(c)(1)(A) (ii) they will place information in the record enabling the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the Probation Department conducting a Pre-sentence Investigation, and further agree to jointly recommend that the Court waive the preparation of the Presentence Report (PSR) in this matter. The parties will advise the Court at the time of the plea whether they request an adjournment prior to imposition of sentence. The Court's denial of the request, if made, to impose sentence on an expedited schedule, or to direct the preparation of a PSR, will not void this Plea Agreement.

(e)      LONGLEY-JONES shall not seek nor take a tax deduction for any monies paid

as a fine under this plea agreement, including monies that are part of any suspended fine.

10. **APPLICATION OF THE AGREEMENT**. This Agreement shall bind LONGLEY-JONES and its successors and assigns. LONGLEY-JONES, or its successors-in-interest, if applicable, shall provide to the United States Attorney's Office and the United States Probation Office immediate notice of any name change, corporate reorganization, sale or purchase of substantial assets subject to the ECP, or similar action affecting this Agreement and the ECP. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter LONGLEY-JONES's responsibilities under this Agreement. LONGLEY-JONES shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

11. Subject to the ongoing, full, and truthful cooperation of LONGLEY-JONES described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court of the fact, manner, and extent of LONGLEY-JONES cooperation and its commitment to prospective cooperation with the United States' investigations and prosecutions, material facts relating to LONGLEY-JONES' involvement in the charged offense, and other relevant conduct.

12. The United States and LONGLEY-JONES understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a) If the Court does not accept the recommended sentence (except for the expedited imposition of sentence), the United States and LONGLEY-JONES agree that this Plea Agreement, except for Paragraph 12(b) below, shall be rendered void.

(b) If the Court does not accept the Rule 11(c)(1)(C) sentence (except for the expedited imposition of sentence), LONGLEY-JONES will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If LONGLEY-JONES withdraws its plea of guilty,

this Plea Agreement and the guilty plea shall not be admissible against LONGLEY-JONES in any criminal proceeding except as otherwise provided in Fed. R. Crim. P. 11(f). LONGLEY-JONES agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense to which it can be charged will be tolled for the period between the date of the signing of the Plea Agreement and the date LONGLEY-JONES withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

13.    **LONGLEY-JONES COOPERATION**.  LONGLEY-JONES will cooperate fully and truthfully with the United States in the prosecution of this case and in any investigation, litigation, criminal prosecution or other proceedings (hereafter Federal Proceeding) arising from or related to the subject matter about which LONGLEY-JONES is pleading guilty.  LONGLEY-JONES will make all reasonable efforts to ensure that its current and former officers, employees, consultants, vendors and experts cooperate with the United States and truthfully disclose all information about their activities and those of others relating to any criminal environmental matter about which assistance is requested. The ongoing, full, and truthful cooperation of LONGLEY-JONES shall include, but not be limited to:

(a)    producing to the United States all documents, information, and other materials, wherever located (including documents qualified as privileged under the laws of the United States or protected under the work product doctrine), in the possession, custody, or control of LONGLEY-JONES, requested by the United States in connection with any Federal Proceeding;

(b)    securing the ongoing, full, and truthful cooperation of any of its officers, employees, consultants, and experts, including making such persons available in the United States for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.  LONGLEY-JONES will advise

those persons identified in this paragraph that they are encouraged to cooperate; cooperation includes providing information to the Government, being interviewed by Government agents or attorneys, and testifying in official proceedings.  LONGLEY-JONES will grant liberal leave if necessary at its expense to facilitate cooperation with the Government;

(c)     As a condition of its cooperation pursuant to this plea agreement, LONGLEY-JONES will withdraw from any and all joint defense agreements previously entered into with any individual or company concerning the criminal investigation of its asbestos activities.

(d)     During the period of probation, LONGLEY-JONES shall provide to government agents full access to its facility and employees, including access to business records related to asbestos activities.

(e)     No LONGLEY-JONES employees will be fired, demoted, reassigned or otherwise suffer a reduction in pay or other benefits  because of their truthful cooperation with the United States with respect to the alleged criminal violations under investigation.

14.     **GOVERNMENT'S AGREEMENT**. Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against LONGLEY-JONES for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of the Clean Air Act and Mail Fraud conspiracy, and substantive criminal violations involving the illegal abatement of asbestos as described in the Information and plea agreement.  The nonprosecution terms of this paragraph do not apply to civil or administrative matters of any kind, to any violation of the federal tax laws, or to any crime of violence.

15.     LONGLEY-JONES understands that it may be subject to civil or administrative action by federal or state agencies, based upon the conviction resulting from this Plea

14

Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of LONGLEY-JONES as a matter for that agency to consider before determining what administrative action, if any, to take.

16.    **REPRESENTATION BY COUNSEL**. LONGLEY-JONES has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. LONGLEY-JONES has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

17. **VOLUNTARY PLEA**. LONGLEY-JONES's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.   The United States has made no promises or representations to LONGLEY-JONES as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

18.    **VIOLATION OF PLEA AGREEMENT**. LONGLEY-JONES, through its authorized representatives, recognizes that the government has agreed not to prosecute all of the criminal conduct established by the evidence as committed by LONGLEY-JONES solely because of the promises made by LONGLEY-JONES in this Agreement.   If LONGLEY-JONES breaches this Agreement, or if LONGLEY-JONES withdraws its guilty plea pursuant to paragraph 12 of this Agreement, the United States retains the right to present to the Grand Jury for Indictment, all of the criminal violations established by the evidence.

15

If the actions of LONGLEY-JONES or any of its agents and/or employees breaches this Agreement, LONGLEY-JONES will not be able to withdraw its guilty plea, and the United States will be relieved of all of its obligations under this Agreement.  If, as a result of a breach of the Agreement, the United States  elects to pursue any charge that was not filed as a result of this Agreement, LONGLEY-JONES expressly waives all defenses based upon the statute of limitations and pre-indictment delay, except to the extent that such defenses existed as of the date of the signing of this Agreement and subject to paragraph 19 below.

19.    LONGLEY-JONES understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement, because of LONGLEY-JONES's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or current or former directors, officers, or employees of it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution.  In addition, LONGLEY-JONES unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.


20. **CORPORATE AUTHORIZATION.** LONGLEY-JONES states that it is authorized to enter into this Agreement.  At the time of signing by LONGLEY-JONES' representatives, LONGLEY-JONES shall provide the United States with a written statement in the form of a corporate resolution certifying that LONGLEY-JONES is authorized to enter into and comply with all of the terms of this Agreement.  The corporate resolution shall certify that LONGLEY-JONES's Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed.  LONGLEY-JONES agrees that the pleas of guilty will be entered by LONGLEY-JONES through its attorney, and that he is authorized to enter pleas of guilty on

16

LONGLEY-JONES's behalf.  By entering these guilty pleas, LONGLEY-JONES hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offense as set forth in the Information, and that the Factual Statement set forth in this Agreement is a true and accurate statement of LONGLEY-JONES's criminal conduct and that it provides a sufficient basis for LONGLEY-JONES's pleas of guilty to the offense charged in the Information.

21.     **WAIVER OF APPEAL.** LONGLEY-JONES, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give LONGLEY-JONES the right to appeal other aspects of the conviction.  In consideration of the Agreement with the United States as set forth herein, LONGLEY-JONES knowingly and voluntarily agrees to waive the following rights:

a.      The right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court for the conviction of these offenses, including restitution;

b.      The right to appeal any aspect of LONGLEY-JONES's conviction, including any pre-charge or pre-trial dispositions of motions, if any, or other issues; and

c.      The right to bring any collateral attack against LONGLEY-JONES's conviction or sentence, except as it may relate to the effectiveness of legal representation.

22.     **ENTIRETY OF AGREEMENT.** This Plea Agreement constitutes the entire agreement between the United States and LONGLEY-JONES concerning the disposition of the criminal charge in this case.  This Plea Agreement cannot be modified except in writing, signed by the United States and LONGLEY-JONES.

17

LONGLEY-JONES CORPORATION

GLENN T. SUDDABY
UNITED STATES ATTORNEY

By: _____
John P. Langan
Hiscock & Barclay, LLP
Attorney for LONGLEY-JONES
Bar Role No. 505254

By: _____
Craig A. Benedict
Assistant U.S. Attorney
Bar Role No. 101130